UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| LAJUAN TURNER, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 10-CV-2147 |
| ) | |
| INTERSTATE BRANDS CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## OPINION

This case is before the court for ruling on the Motion to Dismiss (#9) filed by Defendant, Interstate Brands Corporation. Because Defendant filed its Answer (#8) prior to filing the Motion to Dismiss, this court concludes that Defendant's Motion must be DENIED.

## BACKGROUND

On July 6, 2010, Plaintiff, LaJuan Turner, filed a pro se Complaint (#1) against Defendant. Plaintiff alleged the Defendant discriminated against him based upon his race and disability. Plaintiff's factual allegations are somewhat unclear, but include allegations that he was demoted and injured on the job and ultimately fired. Plaintiff attached a copy of the charge of discrimination he filed with the Illinois Department of Human Rights. In the charge of discrimination, Plaintiff stated that he was discharged on October 20, 2008, and that Defendant "discriminated against me because of my race, Black and my disabilities, hypertension and disorder of my hands."

On September 14, 2010, Defendant filed an Answer and Affirmative Defenses (#8). Defendant provided an answer to all of the allegations in Plaintiff's pro se Complaint (#1) and listed 20 affirmative defenses. Also on September 14, 2010, Defendant filed a Motion to Dismiss (#9) and a Memorandum in Support (#10). Defendant argued that Plaintiff failed to state a claim upon which

relief can be granted, particularly in light of the decision of the United States Supreme Court in Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1954 (2009).

ANALYSIS

This case presents this court with an unusual situation. It is unusual to file an answer and affirmative defenses prior to filing a motion to dismiss.

This court notes that the standard that applies to dismissals for failure to state a claim is somewhat unclear following the Supreme Court's decisions in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), Erickson v. Pardus, 551 U.S. 89 (2007) and Iqbal. See Swanson v. Citibank, N.A., 614 F.3d 400, 403 (7th Cir. 2010). In Swanson, the Seventh Circuit explained, "[o]n the one hand, the Supreme Court has adopted a 'plausibility' standard, but on the other hand, it has insisted that it is not requiring fact pleading, nor is it adopting a single pleading standard to replace Rule 8, Rule 9, and specialized regimes like the one in the Private Securities Litigation Reform Act." Swanson, 614 F.3d at 403. The Seventh Circuit noted that the Supreme Court's decisions have interpreted Rule 8, not tossed it out the window. Swanson, 614 F.3d at 403. Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief . . . . Fed. R. Civ. P. 8(a)(2). Accordingly, "[s]pecific facts are not necessary" and "the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Swanson, 614 F.3d at 404, quoting Erickson, 551 U.S. at 93.

In this case, Defendant filed an Answer (#8) and listed 20 affirmative defenses. This court concludes that Defendant's Answer indicates Defendant has fair notice of Plaintiff's claim. Accordingly, Defendant's Motion to Dismiss (#9) must be denied.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's Motion to Dismiss (#9) is DENIED.

(2) This case is referred to Magistrate Judge David G. Bernthal for further proceedings.

ENTERED this12th day of October, 2010

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE